UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY BROWN,

                                        Plaintiff,    **COMPLAINT AND JURY DEMAND**

            -against-

THE NEW YORK CITY HOUSING AUTHORITY, POLICE OFFICER PATRICK M. BUCKLEY, YADIBEL ACEVEDO, JOHN DOE ##1-4; JANE DOE ##1-4

                                        Defendants.

------------------------------------------------------------------------ X

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an event early in the morning of July 27, 2023, in which employees of the New York City Police Department ("NYPD"), acting in concert with employees of the New York City Housing Authority ("NYCHA"), acting under color of state law, intentionally and willfully subjected Plaintiff to false arrest and unlawful eviction.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, treble damages, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**PARTIES**

4. Plaintiff Jeffrey Brown is a resident of Kings County in the State of New York.

5. The New York City Housing Authority ("NYCHA") is a public-benefit corporation, controlled by the Mayor of New York City, and organized under New York State's Public Housing Law, with its principal officers located at 250 Broadway, New York, New York, and which allows for service by email to ServiceECF@NYCHA.NYC.GOV.

6. Police Officer Patrick M. Buckley ("Officer Buckley") and John Doe ##1-4 (collectively, with Officer Buckley, "the officers") were at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants were personally involved in the illegal arrests of Plaintiff and are sued in their individual capacity.

7. Yadibel Acevedo ("Ms. Acevedo") and Jane Doe ##1-4 (collectively, with Ms. Acevedo, "the NYCHA Employees") were at all times here relevant, employees of NYCHA, and as such were acting in the capacity of agent, servant and employee of NYCHA. On information and belief, the NYCHA employees were personally involved in Plaintiff's eviction and arrest, and they are sued in their individual capacity.

8. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**NOTICE OF CLAIM**

9. At least 30 days prior to commencement of this action, and within 90 days of the incidents complained of, Plaintiff timely served Notice of Claim on NYCHA; in that time, defendants neglected to or refused to adjust or to satisfy the claim.

**FACTUAL ALLEGATIONS**

10. Plaintiff lived in the apartment of his mother, Bertha Rutledge ("Ms. Rutledge"), at 22

Lewis Avenue, Apartment 2B, in Brooklyn New York, since his mother got ill in approximately 2014. Ms. Rutledge lived at that address since July, 1964; Plaintiff was born August 24, 1964, and Plaintiff previously resided with her there from then until about 1985. Plaintiff moved back in in approximately 2014. The location was a NYCHA owned building.

11. On approximately May 31, 2017, NYCHA obtained an order of eviction against Ms. Rutledge from New York City Housing Court for non-payment of rent. On approximately November 28, 2017, on Plaintiff's application, the order was vacated; a representative for NYCHA was present at the proceeding.

12. In 2020, Ms. Rutledge passed away; Plaintiff, her son, continued to reside at 22 Lewis Avenue, Apartment 2B.

13. On July 27, 2023, Yadibel Acevedo and Jane Doe 1-4, and Police Officer Patrick M. Buckley and John Doe ##1-4, caused the locks at the apartment to be drilled, and police to enter Plaintiff's apartment. T

14. Police Officer Patrick M. Buckley and John Doe ##1-4 forcibly removed Plaintiff, arrested him, and falsely charged him with trespassing in the apartment he had lived in continuously for approximately 12 years.

15. On information and belief, there was no court order, eviction proceeding, or warrant permitting anyone to enter Plaintiff's apartment.

16. The entire apartment was filled with Plaintiff's belongings, and Plaintiff had official New York State identification with the address on it, which he showed Officer Buckley and John Doe ##1-4. Nevertheless, the officers and NYCHA personnel worked together to forcibly remove Plaintiff from the apartment.

17. Plaintiff was brought to the 79th Precinct by the officers, who inexplicably interrogated

3

him about guns and drugs in the community, before transporting him to PSA 3 for arrest processing.

18. Plaintiff was put through the system and arraigned before a Kings County Criminal Court judge.

19. Before the next appearance, the case was advanced, and dismissed, based on information provided by Plaintiff's counsel about his right to the apartment.

20. Plaintiff was not permitted back in to the apartment for approximately 20 days. In the interim, on information and belief, the officers searched throughout his home for contraband; though nothing was stolen, his entire apartment appeared to have been searched.

21. Plaintiff was finally permitted to return to his apartment but suffered significant damages from the illegal entry and arrest, and search including suspension of his license and job as a school bus driver, and about 20 days of homelessness.

## **DAMAGES AND PENALTIES**

22. As a direct and proximate result of the acts of defendants, defendants are liable for the following:

   a. Damages for violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Damages for physical pain and suffering;

   c. Damages for emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   d. Damages for lost wages;

   e. Damages for Plaintiff's homelessness;

f.     Damages for Plaintiff's loss of liberty;

## FIRST OF ACTION
42 USC § 1983- False Arrest, Unlawful Search and False Imprisonment

19.    The above paragraphs are here incorporated by reference.

20.    Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

21.    Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

22.    Defendants searched Plaintiff's residence without a warrant or other lawful justification.

23.    Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time.

24.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Common Law False Arrest

25.    The above paragraphs are here incorporated by reference.

26.    Defendants subjected plaintiff to false arrest, false imprisonment, and excessive force without probable cause.

27.    Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

28.    Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of the other Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

29. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

### THIRD CAUSE OF ACTION
42 USC § 1983- Conspiracy

30. The above paragraphs are here incorporated by reference.

31. Shortly before entering Plaintiff's apartment, defendants formed an agreement to act in concert to inflict unconstitutional injuries on Plaintiff.

32. Defendants performed overt acts in furtherance of that goal, causing damages.

### FOURTH CAUSE OF ACTION
Illegal Eviction- N.Y. Real Prop. Acts. Law § 853

33. The above paragraphs are here incorporated by reference.

34. Plaintiff was a tenant entitled to possession of the premises at issue and/or had a legal and equitable interest in the premises.

35. Defendants disseized, ejected, or put Plaintiff out of the premises in a forcible or unlawful manner, and kept him out by force or by unlawful means.

36. Plaintiff lawfully occupied the dwelling unit for thirty consecutive days or longer.

37. Plaintiff is entitled to recover treble damages.

**WHEREFORE**, Plaintiff demands judgments against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff treble damages for the Fourth Cause of Action;

C. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this

action and

E.   Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:   May 30, 2024
              Brooklyn, New York                                        Respectfully yours,

TO:   New York City Housing Authority
c/o NYCHA Service of Process
service.ecf@nycha.nyc.gov

Yadibel Acevedo
c/o Sumner Houses Management Office        By: Andrew B. Stoll
20 Lewis Avenue                                                  Stoll, Glickman & Bellina, LLP
Brooklyn, NY  11206                                           Attorneys for Plaintiff
                                                                       300 Cadman Plz. W. 12th Floor
Police Officer Patrick M. Buckley             Brooklyn, NY  11201
PSA 3                                                                  (718) 852-3710
25 Central Avenue                                             astoll@stollglickman.com
Brooklyn, NY  11206