UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY BROWN,

                                                                                  Plaintiff,    **AMENDED COMPLAINT AND JURY DEMAND**

                -against-

THE NEW YORK CITY HOUSING AUTHORITY, POLICE OFFICER PATRICK M. BUCKLEY, YADIBEL ACEVEDO, JOHN DOE ##1-4; JANE DOE ##1-4

                                                                                Defendants.

------------------------------------------------------------------------ X

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an event early in the morning of July 27, 2023, in which employees of the New York City Police Department ("NYPD"), acting in concert with employees of the New York City Housing Authority ("NYCHA"), acting under color of state law, intentionally and willfully subjected Plaintiff to false arrest and unlawful eviction.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, treble damages, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**PARTIES**

4. Plaintiff Jeffrey Brown is a resident of Kings County in the State of New York.

5.  The New York City Housing Authority ("NYCHA") is a public-benefit corporation, controlled by the Mayor of New York City, and organized under New York State's Public Housing Law, with its principal officers located at 250 Broadway, New York, New York, and which allows for service by email to ServiceECF@NYCHA.NYC.GOV.

6.  Police Officer Patrick M. Buckley ("Officer Buckley") and John Doe ##1-4 (collectively, with Officer Buckley, "the officers") were at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants were personally involved in the illegal arrests of Plaintiff and are sued in their individual capacity.

7.  Yadibel Acevedo ("Ms. Acevedo") and Jane Doe ##1-4 (collectively, with Ms. Acevedo, "the NYCHA Employees") were at all times here relevant, employees of NYCHA, and as such were acting in the capacity of agent, servant and employee of NYCHA. On information and belief, the NYCHA employees were personally involved in Plaintiff's eviction and arrest, and they are sued in their individual capacity. Ms. Acevedo and Jane Doe ##1-4 jointly engaged with Officer Buckley and John Doe ##1-4 in the actions described below and agreed with Officer Buckley and John Doe ##1-4 to inflict an unconstitutional injury and take an overt act in furtherance thereof.

8.  At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

9.  At least 30 days prior to commencement of this action, and within 90 days of the incidents complained of, Plaintiff timely served Notice of Claim on NYCHA; in that time, defendants neglected to or refused to adjust or to satisfy the claim.

## FACTUAL ALLEGATIONS

10. Plaintiff lived in the apartment of his mother, Bertha Rutledge ("Ms. Rutledge"), at 22 Lewis Avenue, Apartment 2B, in Brooklyn New York, since his mother got ill in approximately 2014. Ms. Rutledge lived at that address since July, 1964; Plaintiff was born August 24, 1964, and Plaintiff previously resided with her there from then until about 1985. Plaintiff moved back in in approximately 2014. The location was a NYCHA owned building.

11. On approximately May 31, 2017, NYCHA obtained an order of eviction against Ms. Rutledge from New York City Housing Court for non-payment of rent. On approximately November 28, 2017, on Plaintiff's application, the order was vacated; a representative for NYCHA was present at the proceeding.

12. In 2020, Ms. Rutledge passed away; Plaintiff, her son, continued to reside at 22 Lewis Avenue, Apartment 2B.

13. On July 27, 2023, Ms. Acevedo was present at Plaintiff's front door along with Officer Buckley. She knew that Plaintiff had been a long time resident and tenant of the apartment and knew or had reason to know she had no legal right to forcibly eject him.

14. Nevertheless, with Officer Buckley present, Ms. Acevedo directed a locksmith to drill out the locks on Plaintiff's door. Prior to that she formed an agreement with Officer Buckley that after the door was forcibly opened by the locksmith, who would act as her agent, Officer Buckley would assist in forcibly removing Plaintiff from the apartment.

15. It was clear to Officer Buckley and to anyone present at the time, from conversations with Plaintiff through the door, that Plaintiff had a colorable claim to the apartment, and had been staying there for a long time. At the very least, it was clear that Plaintiff had been sleeping there overnight, and thus had a reasonable expectation of privacy.

16. Nevertheless Officer Buckley and Ms. Acevedo worked hand in hand outside Plaintiff's door to have the lock drilled, obtained access to the apartment, and have Officer Buckley enter the apartment without a warrant, forcibly remove Plaintiff, and arrest him.

17. Police Officer Patrick M. Buckley and John Doe ##1-4 forcibly removed Plaintiff, arrested him, and falsely charged him with trespassing in the apartment he had lived in continuously for approximately 12 years.

18. On information and belief, there was no court order, eviction proceeding, or warrant permitting anyone to enter Plaintiff's apartment.

19. The entire apartment was obviously filled with Plaintiff's belongings, and Plaintiff had official New York State identification with the address on it, which he showed Officer Buckley and John Doe ##1-4. Nevertheless, the officers and NYCHA personnel, including Ms Acevedo, worked together to forcibly remove Plaintiff from the apartment, pursuant to their agreement before the locks were drilled.

20. Plaintiff was brought to the 79th Precinct by the officers, who inexplicably interrogated him about guns and drugs in the community, before transporting him to PSA 3 for arrest processing.

21. Plaintiff was put through the system and arraigned before a Kings County Criminal Court judge.

22. Before the next appearance, the case was advanced, and dismissed, based on information provided by Plaintiff's counsel about his right to the apartment.

23. Plaintiff was not permitted back to the apartment for approximately 20 days. In the interim, on information and belief, the officers searched throughout his home for contraband; though nothing was stolen, his entire apartment appeared to have been searched.

24. Plaintiff was finally permitted to return to his apartment but suffered significant damages from the illegal entry and arrest, and search including suspension of his license and job as a school bus driver, and about 20 days of homelessness. He continues to live in the apartment to this day.

## DAMAGES AND PENALTIES

25. As a direct and proximate result of the acts of defendants, defendants are liable for the following:

    a. Damages for violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Damages for physical pain and suffering;

    c. Damages for emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    d. Damages for lost wages;

    e. Damages for Plaintiff's homelessness;

    f. Damages for Plaintiff's loss of liberty;

## FIRST OF ACTION
42 USC § 1983- False Arrest, Unlawful Entry, Search and False Imprisonment

26. The above paragraphs are here incorporated by reference.

27. Defendants acted pursuant to a prearranged plan to enter Plaintiff's apartment without his consent, forcibly remove him, and charge him with trespass, subjecting Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

28. Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement and did not consent to his confinement.

29. Defendants entered and searched Plaintiff's residence without a warrant or other lawful justification.

30. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Common Law False Arrest

31. The above paragraphs are here incorporated by reference.

32. Defendants acted in concert to subject plaintiff to false arrest, false imprisonment, and excessive force without probable cause.

33. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

34. Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant NYCHA, as employer of Yadibel Acevedo and Jane Doe ##1-4, is responsible for their wrongdoing under the doctrine of respondeat superior.

35. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
42 USC § 1983- Conspiracy

36. The above paragraphs are here incorporated by reference.

37. Shortly before entering Plaintiff's apartment, defendants formed an agreement to act in concert to inflict unconstitutional injuries on Plaintiff.

38. Defendants performed overt acts in furtherance of that goal, causing damages.

## FOURTH CAUSE OF ACTION
Illegal Eviction- N.Y. Real Prop. Acts. Law § 853

39. The above paragraphs are here incorporated by reference.

40. Plaintiff was a tenant entitled to possession of the premises at issue and/or had a legal and equitable interest in the premises.

41. Defendants disseized, ejected, or put Plaintiff out of the premises in a forcible or unlawful manner, and kept him out by force or by unlawful means.

42. Plaintiff lawfully occupied the dwelling unit for thirty consecutive days or longer.

43. Plaintiff is entitled to recover treble damages.

**WHEREFORE**, Plaintiff demands judgments against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff treble damages for the Fourth Cause of Action;

C. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action and

E. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 23, 2024
Brooklyn, New York

Respectfully yours,

TO: New York City Housing Authority
By ECF

Yadibel Acevedo
By ECF

Police Officer Patrick M. Buckley
PSA 3
25 Central Avenue
Brooklyn, NY 11206

By: Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
300 Cadman Plz. W. 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com